JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | CV 20-6047 PA (JEMx) | Date | July 8, 2020 |
|---|---|---|---|
| Title | Diana Melody v. Lowe's Home Centers, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant Lowe's Home Centers, LLC ("Lowe's"). Lowe's asserts that this Court has jurisdiction over the action brought against it by plaintiff Diana Melody ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    In attempting to invoke this Court's diversity jurisdiction, Lowe's must establish that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| | CV 20-6047 PA (JEMx) | Date | July 8, 2020 |
| Title | Diana Melody v. Lowe's Home Centers, LLC | | |

("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

The Notice of Removal alleges that Plaintiff "resided in San Luis Obispo County, California" "[w]hile employed with Lowe's . . . ." (Notice of Removal ¶ 9.) The Notice of Removal also states that "[a] party's reliance is prima facie evidence of his or her domicile" and relies on State Farm Mut. Auto Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994). Despite Lowe's reliance on a Tenth Circuit opinion for the proposition that residence is prima facie evidence of domicile, the Ninth Circuit has not "yet adopted this presumption" and declined to reach the issue. Mondragon v. Capital One Auto Fin., 736 F.3d 880, 886 (9th Cir. 2013); see also Ehrman v. Cox Commc'ns, Inc., 932 F.3d 1223, 1228 (9th Cir. 2019) ("Although the district court focused much of its analysis on the question of whether allegations of a party's residency constitutes prima facie evidence of that party's domicile, we need not address that issue today. Cf. Mondragon v. Capital One Auto Fin., 736 F.3d 880, 886 (9th Cir. 2013) (noting that the Ninth Circuit has not yet addressed whether 'a person's residence [is] prima facie evidence of the person's domicile')."). Because an individual is not necessarily domiciled where he or she resides, Lowe's allegations of the residence of Plaintiff are insufficient to establish Plaintiff's citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Lowe's allegations are insufficient to invoke this Court's diversity jurisdiction.

For the foregoing reasons, Lowe's has failed to satisfy its burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to the Superior Court of California, County of Santa Barbara, Cook Division, Case No. 20CV01653, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.